## C. C. MURRAY v. STATE.

No. A-7884. Opinion Filed Feb. 28, 1931.
Rehearing Denied March 28, 1931.
(296 Pac. 1004.)

264

J. Allen Andrews, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted of having possession of one-half gallon of whisky with the willful and unlawful intent on the part of the said C. C. Murray to barter, sell, give away, and otherwise furnish and dispose of the same in violation of the prohibition laws of the state of Oklahoma, and was sentenced to pay a fine of $250 and be imprisoned in the county jail for 60 days. From which judgment and sentence the defendant has appealed.

Before the case was called for trial, the defendant filed a motion to suppress the evidence on the ground that the same was unlawfully secured by the officer for the reason that the officer had no warrant of arrest nor warrant to search the defendant. The motion to suppress was overruled and the defendant duly excepted.

The testimony on behalf of the state shows that Charley Dymond was a deputy sheriff in Seminole county on the 5th day of August, 1929. Dymond stated:

"I was in Seminole on that day for the purpose of serving some papers; I was in front of the Electric Battery Station or Shop, talking to Jack Porter; the defendant drove up in a Ford coupe and handed Porter a package wrapped in a newspaper; he handed it to Jack Porter and I took it out of Jack Porter's hands; the package contained a half gallon of whisky; I arrested the de-

fendant. Mr. Murray asked me to file the charge against him in the city court as Jake Simms was his friend. The first I saw of the package was when Mr. Murray handed it to Jack Porter."

On cross-examination witness stated:

"I saw a man drive up there and hand out a package and I took charge of it; Mr. Murray had delivered the package to Jack Porter before I got hold of it; Mr. Porter said Mr. Propham ordered it from Murray; I did not have any warrant for Mr. Murray's arrest; I told him I was an officer but not until I got the stuff; I did not see any money; the liquor was wrapped up in a newspaper, part of the jar was exposed; I took hold of the jar and the paper dropped off of it; the package I took from Porter is the same one that Murray handed to Porter; I had an idea what it was; I had to examine the jar before I knew it was whisky. The liquor is upstairs."

No testimony was offered by the defendant. At the close of the state's testimony, the defendant demurred to the evidence of the state for the reason that the same is wholly insufficient to constitute a cause of action against the defendant for the reason that the state failed to make out a case. The demurrer was overruled and the defendant duly excepted.

The defendant requested the court to instruct the jury to return a verdict in favor of the defendant for the reason that the officer did not have a warrant for the arrest of the defendant, and that the arrest was made in violation of law, and for several other reasons. Which motion was overruled and the defendant duly excepted.

Several errors have been assigned by the defendant as grounds for reversal of this case. The first assignment is that the court erred in overruling defendant's motion for a new trial. All of the errors assigned will be con-

sidered under the first assignment of error. It is urged by the defendant that this case should be reversed for the reason that the officer arrested the defendant for the commission of a misdemeanor without a warrant for his arrest or to search his person. This contention would be tenable were it not for the fact that the officer saw the defendant deliver the package to Jack Porter, and immediately and in the presence of the defendant took the package from Porter, which was found to contain a one-half gallon container full of whisky. The authorities cited by the defendant are not in point, as they relate exclusively to a state of facts where the defendant was stopped and searched by the officers without having a warrant for the arrest of the party or to search his person. The court did not err in overruling the motion of the defendant to suppress the evidence, the demurrer to the evidence, and in refusing to direct the jury to return a verdict of not guilty against the defendant.

All of the testimony contained in the record tends to show that the offense charged in the information was committed in the presence of the officer; defendant was charged with having possession of intoxicating liquor for the purpose of bartering, selling, giving away, and otherwise furnishing and disposing of the same in violation of the prohibitory liquor laws. The testimony of the officer tends to show that the defendant in this case drove up to where he was talking to Jack Porter and delivered to Porter a package in the presence of the officer which contained the one-half gallon container full of whisky.

The evidence is sufficient to sustain the judgment. There being no fundamental or prejudicial errors in the record, the judgment is affirmed.

EDWARDS and CHAPPELL, JJ., concur.